IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Maurice B. PASCH, attorney at law.

Supreme Court

*No. 80–1236–D. Filed March 3, 1981.*
(Also reported in 302 N.W.2d 502.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

On July 11, 1980, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging

that in 1979, Maurice B. Pasch, an attorney admitted to practice in this state since 1939, and who practices in Madison, represented a client in a civil action in Vilas county during which he advised the court, by letter dated September 18, 1979, that he could not attend a scheduled pretrial conference and requested a 60-day extension for the stated reason that he had been a patient at a clinic for a medical problem. On the day of the hearing the respondent failed to appear, and when the presiding judge telephoned the respondent's office, he was told that the respondent was in another court.

The court directed opposing counsel to prepare a motion for sanction of the respondent for his failure to appear at the pretrial hearing and scheduling conference and for failing to comply with an order of the court concerning discovery. One day before the hearing on the motion for sanction the court received a letter from the respondent dated November 26, 1979, informing the court that the respondent was being substituted as counsel in the action. The respondent failed to appear at the hearing on the motion, and the court directed opposing counsel to prepare an order to show cause as to why the respondent should not be held in contempt for failure to comply with the discovery order and failure to appear in the action.

The respondent appeared at the hearing on the order to show cause and admitted that he sent the letter dated September 18, 1979, and that the contents thereof were true and correct. Subsequently, the presiding judge was informed by legal counsel for the medical clinic that the respondent had not visited the clinic since 1972.

The court referred this matter to the Hon. W. L. Jackman as referee pursuant to SCR 21.09 (1980). A hearing was held on October 3, 1980, at which the respondent's attorney filed a letter on behalf of the respondent admitting the truth of the allegations con-

tained in the Board's complaint. The referee filed his report with the court on October 7, 1980, in which he concluded not only that the respondent's conduct constituted a clear violation of SCR 20.04(4), but also that the respondent committed perjury by swearing under oath to the truth of the misrepresentations he had made, knowing the same to be false. In light of the respondent's having been charged with professional misconduct and having surrendered his license to practice law on a prior occasion (his license was subsequently reinstated), the referee considered the conduct in this matter to constitute a second offense of serious character and recommended that the respondent's license to practice law in Wisconsin be revoked. The respondent appealed from the report of the referee solely on the question of the recommended discipline, and the parties filed briefs on that issue. We hereby adopt the findings and recommendation of the referee.

It is ordered that the license of Maurice B. Pasch to practice law in Wisconsin is revoked effective the date of this order.

It is further ordered that Maurice B. Pasch pay the costs of this proceeding in the amount of $481.25 to the Board of Attorneys Professional Responsibility within 60 days of the date of this order.

BEILFUSS, C.J., DAY and ABRAHAMSON, JJ., took no part.