IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Maurice B. PASCH,
Attorney at Law.

Supreme Court

*No. 80–1236–D. Filed January 29, 1985.*

(Also reported in 380 N.W.2d 672.)

PER CURIAM. *Motion for contempt; fine imposed.*

On December 16, 1985, the Board of Attorneys Professional Responsibility filed a motion that Maurice Pasch, whose license to practice law in Wisconsin had been revoked by the court, effective March 3, 1981, *Disciplinary Proceedings Against Pasch,* 100 Wis. 2d 678, 302 N.W. 2d 502 (1981), be held in contempt of this court by reason of his having engaged in the practice of law after his license had been revoked, contrary to this court's order and the court's rule, SCR 22.26(2), which prohibits a disbarred attorney from engaging in the practice of law. The motion was supported by a stipulation of the parties setting forth the circumstances in which Mr. Pasch acted as an attorney. On the basis of those stipulated facts, we find Maurice Pasch in contempt of this court and order him to pay a fine in the amount of $300.

In May of 1982 Mr. Pasch consented to act as executor of the will of a former client, but he did not inform the heirs of the decedent that his license to practice law in Wisconsin had been revoked. Although he never commenced probate proceedings with respect to the estate, he collected estate assets, deposited estate funds into a trust

account and issued checks in partial distribution of the estate to members of the decedent's family. In order to collect a certificate of deposit held in the name of the decedent, Mr. Pasch prepared what purported to be a conformed copy of domiciliary letters issued to him by a Dane county circuit judge. Those letters identified Mr. Pasch as an attorney. In fact, Mr. Pasch falsified the document.

In mitigation of his conduct, it was stipulated that Mr. Pasch neither requested nor received fees for his services to the estate. Further, Mr. Pasch acted in the estate at a time when he was "distraught and depressed" following the death of his wife.

Mr. Pasch's conduct on behalf of the estate was directly contrary to the court's March 3, 1981 order revoking his license to practice law in Wisconsin and contrary to the court's rule prohibiting a disbarred attorney from engaging in the practice of law, SCR 22.26(2). Accordingly, we find Maurice Pasch to be in contempt of this court, and we determine, as an appropriate sanction for his contempt, that he pay a fine in the amount of $300.

IT IS ORDERED that within 30 days of the date of this order Maurice Pasch pay to the clerk of the supreme court a fine in the amount of $300 as a sanction for his contempt of the court.

DAY and ABRAHAMSON, JJ., took no part.