IN RE the MARRIAGE OF: Gordon R. MAUSING, Petitioner-Respondent,

v.

Shirley M. MAUSING, Appellant.

Supreme Court

*No. 87–0316. Argued September 7, 1988.—Decided October 7, 1988.*

(Also reported in 429 N.W.2d 768.)

For the appellant there were briefs (in court of appeals) by *Doris L. Vaudreuil* and *Vaudreuil, Vaudreuil & Propsom,* Kenosha, and oral argument by *Doris L. Vaudreuil.*

For the petitioner-respondent there was a brief (in court of appeals) and oral argument by *James A. Drummond,* Racine.

SHIRLEY S. ABRAHAMSON, J. This is an appeal from part of the judgment of the circuit court for Racine county, Judge Wayne J. Marik, dividing pension benefits on divorce. The court of appeals certified the following question pursuant to sec. (Rule) 809.61, Stats. 1985–86: "Whether payments under a pension plan division whereby the parties agree to the third option under *Bloomer v. Bloomer* [84 Wis. 2d 124, 136, 267 N.W.2d 235 (1978)] continue (1) after the employee spouse's death or (2) after the nonemployee spouse's death (to the estate or other successor-in-interest)."

The third option described in *Bloomer* for division of pensions is: "to determine a fixed percentage for [the nonemployee spouse] of any future payments [the employee spouse] receives under the plan, payable to [the nonemployee spouse] ... as, if, and when paid to [the employee spouse] ...." *Bloomer,* 84 Wis. 2d at 136.

The circuit court interpreted this language to mean that the circuit court could provide for a division of pension benefit payments only as long as both parties were alive. Under this interpretation the nonemployee spouse's interest in the pension benefits ends, as a matter of law, when either party dies.

We disagree with the circuit court's interpretation of *Bloomer.* We conclude that the circuit court may, under the third option, order that the nonemployee spouse's share of the pension benefit payments continue to be paid to the nonemployee spouse after the employee spouse's death. We further conclude that the circuit court may, under the third option, order that the nonemployee spouse's estate or named beneficiary receive the nonemployee spouse's share of the pension benefits after the nonemployee spouse's death. Accordingly we reverse that part of the divorce judgment dividing the pension benefit and remand the case to the circuit court for the exercise of the court's discretion in dividing the pension benefits.

The facts in this case are not in dispute. The parties were married for 29 years. Gordon Mausing has been a sheriff's deputy with the Racine County Sheriff's Department since 1961. When the divorce was granted he had been a member of the Wisconsin Retirement System for 25 years. Shirley Mausing is employed by a medical engineering firm.

The parties expressly agreed that the final order should provide an equal property division between them because "this does appear to be the most fair and equitable division that might be made." The parties recognized that the marriage was of long duration, that neither party brought much property to the marriage, and that the property they owned at the time of the divorce, including the pension, was acquired through their joint efforts during the marriage. Thus the parties agreed that those assets belonged to both of them equally and should be divided equally.

The parties agreed that Gordon Mausing's interest in his pension benefits under the Wisconsin Retirement System should be divided so that Shirley

Mausing would receive one half of that part of the pension benefits that were earned during the marriage. More specifically, the parties stipulated to division of pension benefits according to the third option under *Bloomer.* They agreed that Shirley Mausing was to receive the following percentage of pension benefits payable to Mr. Mausing: one-half of a fraction, the numerator of which is 25 years, and the denominator of which is the total number of years that Gordon Mausing ultimately participates in the Wisconsin Retirement System. Mr. Mausing was to receive the balance of the pension benefits.

The parties disagreed, however, about how to divide the pension benefits upon the death of either party.

The circuit court accepted the stipulation providing for equal division of the property of the parties but rejected Shirley Mausing's request that all pension benefits be divided between the parties. The circuit court held that she could not claim a share in pension benefits made after the death of either party.

■

The law is clear that the division of property upon divorce is within the sound discretion of the circuit court, and this court will not disturb the division unless the circuit court has abused its discretion. *Bonnell v. Bonnell,* 117 Wis. 2d 241, 248, 344 N.W.2d 123 (1984). While this court gives considerable deference to the discretionary determinations of the circuit court, we require that those decisions be based on a correct interpretation of applicable law. "A discretionary determination, to be sustained, must demonstrably be made and based upon the facts appearing in the record and in reliance on the appropriate and applica-

ble law." *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981).

In this case, the circuit court adopted the parties' objective that there be an equal division of assets. The circuit court properly exercised its discretion by approving a stipulation that accomplished this purpose. The circuit court determined, however, as a matter of law, that it had no authority to award Mrs. Mausing pension benefits payable after the death of either spouse and proceeded to order that the Mausings divide only those pension benefits distributed "during the lives of both of the parties."

According to the circuit court's judgment, if Mr. Mausing dies before Mrs. Mausing, all remaining pension benefits would go entirely to his beneficiaries even though the benefits were earned in large part during the parties' marriage. If, on the other hand, Mrs. Mausing predeceased Mr. Mausing, her share of the remaining pension benefits would be distributed to him. As a result of the circuit court's decision, all of the pension benefits were not divided "equally," and the circuit court made no adjustment in the equal division of other assets to account for this "unequal" division of the pension benefits.

We conclude that the circuit court erred in its interpretation of *Bloomer.* We do not interpret *Bloomer* as barring a circuit court from awarding to the nonemployee spouse a share of pension benefits which may be payable after the death of either spouse or both spouses. Because the circuit court's division of the pension benefits in this case is based on an error of law, we conclude that the circuit court's division of the pension benefits constitutes an abuse of discretion and must be reversed.

This court has long recognized the difficulties circuit courts face in trying to value and divide pension benefits in an accurate and equitable manner. *See, e.g., Schafer v. Schafer,* 3 Wis. 2d 166, 171, 87 N.W.2d 803 (1958); *Steinke v. Steinke,* 126 Wis. 2d 372, 384, 376 N.W.2d 839 (1985). Over the course of time, courts have described a number of methods for effecting a fair division of pension benefits. In *Bloomer, supra* 84 Wis. 2d at 135–36, we enumerated three ways a circuit court might calculate the value of a retirement fund in order to divide the asset. The first method is based on total employee contributions to the retirement fund during the marriage. The second method involves calculating the present value of benefits which might vest or mature at some future date. The third method is based on a division of future benefit payments according to a fixed percentage. Under this method the circuit court need not determine the value of the pension plan at all.

In saying that there are "at least three ways in which the value can be determined," we also stated that these three ways were to be viewed as "general observations" only. *Id.* at 134–135. We did not say or imply that the three enumerated ways were the only ones possible. Rather we have consistently stated that the method of valuation and the manner of division must fit the circumstances of each case. The myriad of variations in pension plans precludes the formulation of a simple or single rule. The circuit court must construct a way to value and distribute the pension benefits fairly in each case. The three options suggested in *Bloomer* are nonexclusive, alternative means to a single purpose—establishing a means of dividing the asset fairly.

The objective of the so-called "third method" in *Bloomer* is straightforward. Each payment is to be divided between the parties according to the percentage the circuit court determines. In providing that payments to the nonemployee spouse were to be made "as, if, and when paid to [the employee spouse]," we merely intended to emphasize that when (or "if," where the pension is not vested) the pension benefits became available to the employee spouse, the nonemployee spouse would be entitled to his or her percentage share. We did not intend to make the nonemployee spouse's right to her share of the pension benefits contingent on the survival of both spouses.

In fact, the circuit court's interpretation of *Bloomer* contradicts assumptions underlying the operation of the third option in *Bloomer*. If the pension benefits in this case were distributed according to the rule announced by the circuit court, they would not be divided according to the prescribed percentage formula. The circuit court's order prevents Shirley Mausing from enjoying her share, because when either spouse dies, Shirley Mausing would lose her share of the pension benefits. It is not logical to provide that the parties are to divide the pension benefits attributable to the years of the marriage evenly and then to say that the death of either party terminates the nonemployee spouse's share.

The court of appeals observed in its certification memorandum that the circuit court's conclusion regarding the termination of the nonemployee spouse's benefits upon her death is consistent with secs. 766.31(3) and 766.62(5), Stats. 1985–86. These sections of Wisconsin's marital property act provide that "the marital property interest of the nonemployee spouse in a deferred employment benefit plan terminates at

the death of the nonemployee spouse if he or she predeceases the employee spouse." The implication of the court of appeals' comment is that these provisions of the marital property act should influence a court's decision regarding the division of pension benefits at divorce.

■
These sections of the marital property act are not applicable to the issue presented in this case. The legislature did not intend, as a general rule, that the marital property act change the equitable distribution principles set forth in sec. 767.255, Stats. 1985–86. Classification of property under the marital property act is not necessarily determinative of property division on divorce. See sec. 766.75 and accompanying Legislative Council comments to 1985 Act 37, secs. 141–143, in West's Wisconsin Statutes Annotated, 1987 Cumulative Annual Supplement, sec. 766.75. See also Weisberger and Wilcox, *The New Wisconsin Marital Property Act,* 57 Wis. Bar Bull. 10, 99 (July 1984); Langer and Roberson, *Understanding Wisconsin's Marital Property Law,* p. 19 (Professional Education Systems, Inc. 1984); Langer and Roberson, *A Guide to Property Classification under Wisconsin's Marital Property Act,* p. 2 (State Bar of Wisconsin ATS-CLE Division 1986); II Christiansen, Haberman, Haydon, Kinnamon, McGarity, and Wilcox, *Marital Property Law in Wisconsin,* secs. 11.1 and 11.2 (2d ed. 1986).

In summary, we recognize that it is not easy to divide pension benefits equitably under sec. 767.255. This difficulty is not, however, an adequate justification for an arbitrary or unfair division of property.

This court should not, on appeal, exercise the circuit court's discretionary authority to distribute

property upon divorce. We therefore remand the case to the circuit court so that it may exercise its discretion by distributing the pension benefits in a way that will accomplish the parties' and circuit court's objective of an equal division of property between the parties. To implement that equal division, the circuit court may make whatever orders are appropriate regarding the employee's election for distribution of payments and designation of beneficiaries. See *Lindsey v. Lindsey*, 140 Wis. 2d 684, 696–98, 412 N.W.2d 132 (Ct. App. 1987).

For the reasons set forth, that part of the judgment relating to the distribution of the pension plan is reversed and the cause remanded to the circuit court for proceedings consistent with this opinion.

*By the Court.*—The part of the judgment relating to distribution of the pension plan is reversed and the cause remanded.