IN RE the MARRIAGE OF: David HERDT, Petitioner-Respondent,

v.

Emma Lu HERDT, Respondent-Appellant. †

Court of Appeals

*No. 89-0300-FT. Submitted on briefs July 14, 1989.—Decided August 8, 1989.*

(Also reported in 447 N.W.2d 66.)

† Petition to review denied.

For respondent-appellant there were briefs by *Glen Cunningham* of *Marcovich, Cochrane, Milliken & Cunningham,* Superior.

For petitioner-respondent there was a brief by *Kathryn zumBrunnen* of *Robert zumBrunnen Law Office,* Spooner.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Emma Herdt appeals a judgment of divorce.[1] She contends that the trial court abused its discretion when it failed to award her any interest in David's pension as part of its property division, erred when it made her responsible for a debt that was not a marital obligation, and erred when it failed to consider federal statutes governing civil service retirement when awarding her a partial interest in survivor's benefits "which may be payable through petitioner's pension fund." We conclude that the trial court did not abuse its discretion when it made an unequal property division in lieu of maintenance; that the trial court's finding of fact with respect to partnership debts and assets was not clearly erroneous; and that the trial court's award of an interest in the survivor's benefit was proper. Accordingly, we affirm.

David and Emma Herdt had been married almost thirty years at the time of their divorce. The marital estate consisted primarily of two assets, the homestead

---

[1] This is an expedited appeal pursuant to Rule 809.17.

19

and David's civil service pension benefits. David is a retired postal carrier. Emma has been a full-time postal carrier since February, 1986. At present, David's gross income is $1,233 per month in pension benefits, augmented for eight months of the year by a monthly sum of $1,299 from employment as a boat rigger. Prior to the divorce proceedings, David owned and operated the Hometown Saloon in partnership with his daughter. A $6,900 loan from David's mother enabled him to start this business, which was not successful and has since ceased operation. Emma worked part time and was a homemaker in the early years of their marriage. Her current gross income earned as a postal carrier is $3,250 per month.

The trial court, after hearing testimony from an expert witness on the value of David's pension, ordered that:

1.   Proceeds from the sale of the homestead are to be split evenly between the parties;

2.   Emma is entitled to 50% of any survivor's benefits that may be payable through David's pension fund;

3.   Emma is responsible for 50% of the $6,900 debt owed to David's mother; and

4.   No maintenance is granted to either party.

Emma first contends that the trial court abused its discretion when it failed to award her any interest in David's pension as part of the property division. She cites *Steinke v. Steinke*, 126 Wis. 2d 372, 380, 376 N.W.2d 839, 843 (1985), *modified per curiam*, 127 Wis. 2d 444, 379 N.W.2d 853 (1986), which held that, as a matter of law, the value of a spouse's interest in a pension fund must be included in the property division.

Emma further relies on the language of *Steinke* that states: "[Prior case law] did not create a rule that pension rights may be excluded from the property division if they are included in the maintenance award . . .." *Id.* at 382, 376 N.W.2d at 844.

A division of property is within the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *Mausing v. Mausing,* 146 Wis. 2d 92, 95, 429 N.W.2d 768, 770 (1988). To sustain a discretionary determination, the trial court's decision must be based upon the facts appearing in the record and in reliance on the applicable law. *Id.* (citing *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981)).

After reviewing the record, we conclude that the trial court did not exclude David's pension from its calculation of the marital estate, as was the case in *Steinke.* The court merely exercised the discretion given it under Wisconsin law to make an unequal division of the marital estate based on certain allowable considerations. Section 767.255, Stats., provides in pertinent part:

> Property division. Upon every judgment of annulment, divorce or legal separation . . . the court shall divide the property of the parties and divest and transfer the title of any such property accordingly. . . . The court shall presume that all other property is to be divided equally between the parties, *but may alter this distribution* without regard to marital misconduct after considering:
>
> . . ..
> (8) *The amount and duration of an order . . . granting maintenance payments* to either party, . . .

and whether the property division is in lieu of such payments. (Emphasis supplied.)

*See also* sec. 767.26(3), Stats.

While *Steinke* mandates that pension funds be considered as part of the marital estate, it does not remove the trial court's discretion to make an unequal property division for good reason. Section 767.255(8) specifically permits the trial court to make an unequal distribution of marital assets based upon an award of maintenance. The trial court correctly concluded that it could make such an uneven division of marital assets in lieu of an award of maintenance payments that would otherwise be appropriate.

The trial court's reason for making an unequal division is supported by the record. Had the court awarded Emma an interest in David's monthly pension benefits, and then awarded David maintenance due to Emma's higher gross income, a circular flow of funds between the parties would have resulted. Wisconsin law does not require that the trial court ignore such practical realities when dividing the marital estate and awarding maintenance.

Next, Emma contends that the trial court erred when it made her responsible for a debt that was not a marital obligation. She contends that the $6,900 loan was a partnership debt, incurred by David alone. She further argues that the trial court erred when it assigned her responsibility for half of that debt, but did not award her any of the partnership's assets. The trial court specifically found that the loan from David's mother was a marital debt made during the marriage, and that "there was no marital asset stemming from the sale or operation of the Hometown Tavern." A valuation of the marital estate is a finding of fact that we will not upset unless

22

clearly erroneous. *Liddle v. Liddle,* 140 Wis. 2d 132, 136, 410 N.W.2d 196, 198 (Ct. App. 1987); sec. 805.17(2), Stats.

The record supports a conclusion that money from David's mother was a personal loan to David, causing the marital estate to incur a debt. With the loan proceeds, David entered into a business venture. Had the business produced a profit, David's percentage of that profit would have been part of the marital estate. In this case, however, the business failed. There were no assets to divide after the property was sold and the outstanding bills paid. We conclude that the trial court's findings of fact are not clearly erroneous.

Emma's third allegation of error is that the trial court failed to consider federal statutes governing civil service retirement when awarding her a partial interest in survivor's benefits "which may be payable through petitioner's pension fund." Emma initially contends that the trial court's award is defective because the court did not require David to make an election of survivorship benefits pursuant to 5 U.S.C.A. sec. 8341 (West Supp. 1989). She argues that "[i]f David makes no election, then there is nothing for Emma to have 50% of." In her reply brief, however, Emma notes that survivor reductions for a current spouse are automatic under 5 U.S.C.A. sec. 8416(a)(1) (West Supp. 1989), unless there is a waiver by both spouses at the time of retirement. This waiver never occurred, entitling Emma to her survivor reduction share and rendering moot her suggestion that she may be entitled to "50% of nothing."

Regardless, the trial court here was not required to become expert in the area of federal pension law prior to

making its award. It ordered that Emma "shall be entitled to 50% percent of any survivor's benefits which may be payable through [David's] pension fund with the U.S. Postal Service in the event [David] predeceases [Emma]." We conclude that this award can be construed only as an award of survivor's benefits if such benefits are available under the terms of the pension plan. While Emma may eventually have to undertake litigation in a federal court to determine whether survivorship benefits were waived at the time of David's retirement, the trial court did not err by refusing to take up these issues. For these reasons, the trial court's decision is affirmed.

*By the Court.*—Judgment affirmed.