IN RE the MARRIAGE OF: James F. ABLY, Petitioner-Respondent,

v.

Nancy C. ABLY, Respondent-Appellant.†

Court of Appeals

*No. 89-1372. Submitted on briefs February 13, 1990.—Decided March 6, 1990.*

(Also reported in 455 N.W.2d 632.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on briefs of *Sara E. Ramaker* and *J. Michael Jerry* of *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

On behalf of the petitioner-respondent briefs were not filed.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Nancy Ably appeals the property division in a divorce judgment involving the pension plans of both her and James Ably. The court permitted each to retain their own pension plan and awarded Nancy an equalizing cash payment. Nancy contends that the court abused its discretion because of the alleged grossly disparate values of the respective pension plans. Because we conclude that the court did not abuse its discretion by permitting each spouse to retain their own pension plan with an offsetting equalization payment to Nancy, we affirm the judgment.

James and Nancy were divorced following a long-term marriage. The sole issue was the division of their pension plans. James, age fifty-two, was previously employed by IBM. He took early retirement and received

pension benefits of $1,638.52 per month. Because his pension plan is integrated with social security, IBM's contribution will be reduced to $1,093.49 in order to maintain the monthly benefit at its present level. James also obtained part-time employment with Data Specialists, Inc., and was earning $1,750 per month from this employment.

Nancy, age forty-nine, is a teacher and participates in the Wisconsin Retirement System. Under that plan, Nancy will be eligible to receive $1,200 per month when she attains age fifty-five. In addition, Nancy is designated as the irrevocable beneficiary under James's retirement plan and will, upon James's death, receive $689.38 per month for the balance of her life. James and Nancy each earned in excess of $32,000 per year at the time of the divorce, Nancy through her employment as a teacher and James by combining his early retirement benefits and the income from his part-time employment.

Nancy argues that the court abused its discretion by failing to award her one-half interest in the retirement benefits James is now receiving from IBM as a result of his early retirement. Nancy contends that the value of James's pension plan is approximately $250,000, but that the value of her pension benefits (presumably because she has a nonvested portion) is only $21,509. Nancy contends that the trial court abused its discretion by awarding each spouse their own pension plan because it inequitably divides the marital estate.

The award of marital assets is an exercise of discretion that we will affirm if the result was based upon the facts appearing in the record and in reliance on the applicable law. *Mausing v. Mausing,* 146 Wis. 2d 92, 95, 429 N.W.2d 768, 770 (1988). We will further assume for the purpose of this decision that the *LaRocque* mandate

of fairness in maintenance applies to a property division as well and supplies an additional standard under which to review the court's exercise of discretion. *LaRocque v. LaRocque,* 139 Wis. 2d 23, 406 N.W.2d 736 (1987).

Nancy asserts that the trial court, regardless of the accuracy of its factual findings, had no authority to compare the value of the pension plans based on their prospective monthly benefits. The trial court made no finding on the present values of the plans, but instead compared the monthly payments upon retirement. The court concluded that the benefits would be approximately the same when Nancy becomes eligible for retirement benefits and awarded each spouse their own plan. To compensate Nancy for the six years James would receive benefits before she was entitled to receive her benefits, the court ordered James to make a $9,400 equalization payment to her.

The trial court has broad discretion in valuing pension rights and in dividing them between the parties. *Bloomer v. Bloomer,* 84 Wis. 2d 124, 134, 267 N.W.2d 235, 240 (1978). The three methods of pension valuation specifically approved in *Bloomer* are not the only methods a trial court may use. So long as the method is reasonably calculated to produce a fair result, the trial court may employ a method not specifically noted in *Bloomer.* We conclude that the trial court's method was appropriate and that no finding of present value is necessary when a trial court compares the plan based on expected benefits. The trial court's method was reasonably calculated to produce a fair result and the comparability of the pension plans demonstrates fairness. Because of this methodology and result, there was no abuse of discretion by the trial court.

Nancy also alleges error in the trial court's rejection of her proposed valuation of the pension plans. Valuation of marital assets is a finding of fact that we will not upset unless it is clearly erroneous. *Liddle v. Liddle,* 140 Wis. 2d 132, 136, 410 N.W.2d 196, 198 (Ct. App. 1987); sec. 805.17(2), Stats.

The trial court found that Nancy's claimed values of each pension plan failed to represent their true values. Given the life expectancy of a fifty-five-year-old midwestern female, the court's refusal to place a $21,000 value on a plan that in six years would pay a benefit of $1,200 per month for life is not clearly erroneous. The court also found that Nancy's proposed valuation of James's pension plan was overstated. First, it failed to account for the plan's integration with social security when IBM's obligation is correspondingly reduced. Second, a portion of the monthly payment represents an additional incentive created to induce James to accept early retirement and is not a part of the earned pension plan benefit. There is sufficient evidence to support this finding of fact and to permit the court to reject the claimed value of James's pension plan.

Nancy is entitled to future pension payments of $1,200 per month and survivor's benefits of $689.38 per month, if she survives James, because she is the irrevocable beneficiary of James's plan. The court also noted IBM's reduced obligation at the time social security benefits are paid. Based on this evidence, the court found that the pension plans would be of approximately equal value in six years. This finding is supported by the evidence and is not clearly erroneous.

The court next addressed the equalization payment required to compensate Nancy for the six years that

291

James will be receiving benefits. The court concluded that a $9,400 cash payment, made at the time of the divorce, would sufficiently compensate Nancy for not receiving a portion of James's pension benefits during this six-year period. There is no evidence of the present value of Nancy's interest in a portion of James's retirement benefits, or of that portion of benefits attributable to James's early retirement inducement. Nor is there evidence of the amount of monthly benefits $9,400 would purchase. For these reasons, it is necessary to review the appropriateness of this equalization payment in general terms.

We conclude that the court did not abuse its discretion by awarding $9,400 to equalize the difference in values presented by the pension benefits James will receive over the next six years. The $9,400 payment gives Nancy a stream of income if she elects to purchase an annuity. She may invest the sum and utilize the income to provide a monthly stipend at some point in the future. This payment, together with her entitlement to survivor's benefits under James's plan and her slightly larger benefit entitlement upon her retirement, are sufficient to support the court's exercise of its discretion in awarding each party their own pension plan. We again note that these benefits contain an unidentified portion representing an early retirement inducement that the court regarded as separate from marital property. The court did not abuse its discretion by not including this early retirement inducement in the otherwise equal division of the marital estate because it did not exist until after the two were separated.

Nancy also argues that the trial court abused its discretion by refusing to order James to contribute to

her attorney fees and costs. The award of attorney fees is within the discretion of the trial court, and we will not reverse absent an abuse of discretion. *Selchert v. Selchert,* 90 Wis. 2d 1, 15, 280 N.W.2d 293, 300 (Ct. App. 1979). For the trial court to award attorney fees, it must apply a three-part test: (1) the spouse receiving the award needs the contribution; (2) the spouse ordered to pay has the ability to do so; and (3) the total fee is reasonable. *Lewis v. Lewis,* 113 Wis. 2d 172, 182, 336 N.W.2d 171, 176 (Ct. App. 1983). We construe the trial court's finding that "each party has a separate estate" to be a finding that Nancy did not need contribution, thus failing to meet the first criterion. Because the first criterion was not met, the trial court did not abuse its discretion by failing to award attorney fees.

*By the Court.*—Judgment affirmed.