IN RE the MARRIAGE OF Gaylon LARSEN and Emiliann Larsen: STATE EX REL. Emiliann LARSEN, Petitioner-Respondent,

v.

Gaylon LARSEN, Respondent-Appellant.†

Court of Appeals

*No. 90-1194. Submitted on briefs October 8, 1990.—Decided December 11, 1990.*

(Also reported in 465 N.W.2d 225.)

†Petition to review granted.

On behalf of the appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender, Madison.

On behalf of the respondent, the cause was submitted on the brief of *Thomas R. Marlier,* corporation counsel, Barron.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Gaylon Larsen appeals an order finding him in contempt and committing him to the Barron County jail for ninety days. The court stayed the commitment and provided Larsen an opportunity to purge the contempt by undergoing inpatient treatment for post traumatic stress disorder (PTSD). Larsen contends that the court exceeded its authority and violated his constitutional right to due process by ordering inpatient treatment as a purge condition. Because we conclude that the trial court had authority to imprison Larsen for contempt and that the purge condition was reasonable, we affirm the trial court's order.

Larsen was divorced on March 20, 1984. The court has subsequently held numerous hearings relating to child support and has twice found Larsen in contempt for failure to make support payments. At the most recent contempt hearing, the court found that Larsen, a Vietnam veteran, suffered from PTSD and that this condition, while not a defense to the contempt, inhibited him from obtaining employment. The court found Larsen in contempt for failing to pay support and actively seek work. The court ordered Larsen committed to the Barron County jail for ninety days but provided that he could purge the contempt by pursuing inpatient treatment for PTSD and seeking employment.

Larsen does not contest the trial court's finding of contempt. Larsen does, however, argue that the trial court exceeded its authority under ch. 785, Stats., and violated his due process rights when it provided inpatient treatment as a means of purging his contempt. This issue involves the application of a statute to a set of facts. Such an issue presents a question of law that this court will review without deference to the trial court's

674

decision. *In re J.S.*, 137 Wis. 2d 217, 220, 404 N.W.2d 79, 81 (Ct. App. 1987).

■

This proceeding was instituted as an order to show cause for remedial contempt under ch. 785, Stats. Under that chapter, a court may impose remedial sanctions for contempt of court. Section 785.02, Stats. Such sanctions are "imposed for the purpose of terminating a continuing contempt of court." Section 785.01(3), Stats. Under sec. 785.04(1), a court may impose any of the following as remedial sanctions:

> (a) Payment of a sum of money sufficient to compensate a party for a loss or injury suffered by the party as the result of a contempt of court.
> (b) Imprisonment if the contempt of court is of a type included in s. 785.01(1)(b), (c) or (d). The imprisonment may extend only so long as the person is committing the contempt of court or 6 months, whichever is the shorter period.
> (c) A forfeiture not to exceed $2,000 for each day the contempt of court continues.
> (d) An order designed to ensure compliance with a prior order of the court.
> (e) A sanction other than the sanctions specified in pars. (a) to (d) if it expressly finds that those sanctions would be ineffectual to terminate a continuing contempt of court.

As a remedial sanction, the court imposed a ninety-day jail sentence. The court allowed Larsen to purge the contempt sentence by pursuing inpatient treatment and seeking employment.

■

Under sec. 785.04(1)(b), Stats., the court clearly had authority to impose jail time as a remedial sanction. The contemnor, however, must be able to purge that sanction

through compliance with the court's orders. *State v. G.S.,* 156 Wis. 2d 338, 342, 456 N.W.2d 867, 869 (Ct. App. 1990) (citing *State v. King,* 82 Wis. 2d 124, 130, 262 N.W.2d 80, 83 (1978)). Satisfaction of the purge condition must be within the power of the contemnor, *id.,* and, the purge conditions must reasonably relate to the cause or nature of the contempt.

■

The statutory language does not specifically authorize a court to provide purge provisions. However, all courts in this state have an inherent power to hold in contempt anyone who disobeys a lawful order. *In re D.A.A.P.,* 117 Wis. 2d 120, 126, 344 N.W.2d 200, 203 (Ct. App. 1983). This power exists as " 'a necessary incident to the exercise of judicial power and is reasonably to be implied from the grant of such power.' " *Id.* (quoting *Appeal of Cichon,* 227 Wis. 62, 67–68, 278 N.W. 1, 4 (1938)). Consistent with this power is the court's authority to provide purge conditions designed to end the contempt. Such conditions are also consistent with the purpose of remedial sanctions, which are "imposed for the purpose of terminating a continuing contempt of court." Section 785.01(3), Stats.

■

In this case, the court found that Larsen suffered from PTSD and that this condition inhibited his ability to obtain employment. Larsen's failure to find and maintain employment is a major factor in his failure to pay support. Thus, treatment for PTSD is reasonably related to the cause of his contempt, and, it is within Larsen's power to satisfy this purge condition.

■

Larsen argues that ch. 51, Stats., governs involuntary commitments and sets forth the due process requirements for such commitments. We agree. How-

676

ever, the court did not order Larsen committed. The court merely provided Larsen with an opportunity to purge his contempt by seeking inpatient treatment. Larsen argues that this merely offers him a choice of where he will be confined. However, the record does not disclose that the inpatient treatment involves a deprivation of liberty that makes it equivalent to confinement in the county jail.

*By the Court.*—Order affirmed.