In RE the MARRIAGE OF:

Terry L. BENN, Petitioner-Respondent,

v.

James H. BENN, Respondent-Appellant.

Court of Appeals

*No. 98–2950. Submitted on briefs May 6, 1999.—Decided August 26, 1999.*

(Also reported in 602 N.W.2d 65.)

301

303

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Stephen J. Vogelsberg* of *Hoskins, Kalnins, McNamara & Day* of Lancaster.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *John A. Baxter* and *Eric D. Reinicke* of *Karrmann, Buggs & Baxter* of Platteville.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

ROGGENSACK, J.   James Benn appeals from an order of the circuit court granting him a reduction of $100 per week from his current maintenance payments, but only on the condition that James first become current on his child support and maintenance arrears. He also appeals the circuit court's decision to hold him in contempt of court for failing to pay the child support and maintenance previously ordered, and the court's imposition of costs and attorney fees incurred by Terry Benn for bringing the order to show cause. We conclude that: (1) the circuit court did not erroneously exercise its discretion by not reducing James's maintenance obligation by more than $100 per week, (2) there was ample evidence in the record to support the circuit court's finding of contempt, (3) the circuit court did not erroneously exercise its discretion in establishing the purge conditions, (4) James's argument that the reduction should have been retroactively applied to the date of his motion is without merit, (5) the circuit court erred in ordering James to become current on the arrears before the reduction in maintenance would become effective, and (6) the court's imposition of costs and reasonable attorney fees was not error. Accordingly, we affirm in part; reverse in part and remand for the circuit court to set a date on which the reduction in maintenance is deemed to have occurred.

## BACKGROUND

James and Terry Benn were divorced in 1995. At the time of the divorce, the court ordered James to pay the greater of $185 per week or twenty-five percent of his gross annual income for child support and $200 per week for maintenance. James also agreed to assume a home equity loan. However, shortly after agreeing to assume this debt, James filed for bankruptcy and discharged it. Terry then became responsible for the debt. As a result, in December of 1995, the court increased James's child support obligation by $450 per month for ten months and by $300 per month thereafter. The court also held James in contempt of court for failing to comply with its original order in regard to child support and maintenance payments and ordered him to pay Terry's costs and reasonable attorney fees.

In September 1997, James filed a motion to reduce child support and to terminate maintenance, alleging a substantial change in his financial circumstances. In response, Terry brought a motion to hold James in contempt of court for failing to pay the support and maintenance ordered. A hearing was held in April of 1998. The court found that James did have a reduction in earnings of seven to ten thousand dollars per year. Therefore, the circuit court partially granted James's motion by reducing maintenance by $100 per week, but only on the condition that he pay the amount in arrears as of the April 30th hearing.[1] The court also found

---

[1] The court found that the arrears were as shown by the record of the clerk of court. The clerk calculated child support at twenty-five percent of James's gross annual wages or $185 per week, whichever was greater. Under the method used by the clerk of court, the clerk's records show the arrears in child support and maintenance totaled $4,116.66, through April of 1998.

James in contempt of court for failing to pay child support and maintenance because it found that James had over-withheld his income taxes in 1997, by $4,400, thereby willfully causing the arrears. It made payment of the arrears through April 30, 1998 the purge condition for the contempt. And finally, the circuit court awarded Terry costs and reasonable attorney fees. James appeals from this order.

## DISCUSSION

**Standard of Review.**

The determination of whether there has been a substantial change of circumstances sufficient to warrant a modification of maintenance or child support presents a mixed question of fact and law. *See Rosplock v. Rosplock*, 217 Wis. 2d 22, 32–33, 577 N.W.2d 32, 37 (Ct. App. 1998), *review denied*, 219 Wis. 2d 922, 584 N.W.2d 123 (1998). A circuit court's findings of fact regarding what changes have occurred in the circumstances of two parties will not be disturbed unless they are clearly erroneous. *See id.* at 33, 577 N.W.2d at 37; § 805.17(2), STATS. However, the question of whether those changes are substantial is a question of law which we review *de novo*. *See Rosplock*, 217 Wis. 2d at 33, 577 N.W.2d at 37. In addition, if a modification of maintenance or child support is warranted, the circuit court has discretion to determine the amount of the modification. *See Sellers v. Sellers*, 201 Wis. 2d 578, 585, 549 N.W.2d 481, 484 (Ct. App. 1996); *Abitz v. Abitz*, 155 Wis. 2d 161, 174, 455 N.W.2d 609, 614 (1990).

When we review a discretionary decision, we examine the record to determine if the circuit court logically interpreted the facts, applied the proper legal standard, and used a demonstrated rational process to reach a conclusion that a reasonable judge could reach. *See Loy v. Bunderson*, 107 Wis. 2d 400, 414–15, 320 N.W.2d 175, 184 (1982). Where the circuit court has done so, we will affirm the decision, even if it is not one which we, ourselves, would have made. *See Burkes v. Hales*, 165 Wis. 2d 585, 590, 478 N.W.2d 37, 39 (Ct. App. 1991).

We also review a circuit court's use of its contempt power to determine whether the court properly exercised its discretion. *See City of Wis. Dells v. Dells Fireworks, Inc.*, 197 Wis. 2d 1, 23, 539 N.W.2d 916, 924 (Ct. App. 1995). Additionally, determining the type of remedial sanctions to impose for contempt is a discretionary determination. *See* §§ 785.02 and 785.04(1), STATS. And finally, the circuit court's award of attorney fees under § 785.04 is a discretionary act. *See Ably v. Ably*, 155 Wis. 2d 286, 293, 455 N.W.2d 632, 635 (Ct. App. 1990).

### Reduction in Payments.

James argues that the circuit court erred when it reduced maintenance by only $100 per week and did not reduce child support at all. He claims that due to the substantial change in his financial circumstances, the court should have granted greater relief.

A court may change a maintenance award upon a showing of a change in circumstances. *See Gerrits v. Gerrits*, 167 Wis. 2d 429, 437, 482 N.W.2d 134, 138 (Ct.

308

App. 1992). This change must be substantial and relate to a change in the financial circumstances of the parties. *See id.* The burden of demonstrating the substantial change in circumstances rests with the party seeking the change. *See Haeuser v. Haeuser*, 200 Wis. 2d 750, 764, 548 N.W.2d 535, 542 (Ct. App. 1996).

The circuit court found that James's earnings had decreased by seven to ten thousand dollars per year, which it concluded warranted a reduction of $5,200 per year. However, it also found that James had attempted to avoid payment of his support and maintenance obligations by over-withholding $4,400 from his wages. Additionally, there was evidence that James had been receiving a veterans benefit of $94.00 per month that had not been included in his gross income for child support purposes. Given these facts, we conclude that a reduction, rather than a termination of maintenance, as well as no reduction in child support, were not erroneous exercises of discretion.

**Contempt.**

A person may be held in contempt of court if he or she has the ability, but refuses, to comply with a circuit court order. *See id.* at 767, 548 N.W.2d at 542. Remedial contempt seeks to procure present and future compliance with court orders, but the sanction must be purgeable through compliance with the order from which the contempt arose. *See State ex rel. N.A. v. G.S.*, 156 Wis. 2d 338, 342, 456 N.W.2d 867, 869 (Ct. App. 1990); § 785.01(3), STATS.

The mere failure to pay support is an insufficient basis for a contempt finding. *See Burger v. Burger*, 144 Wis. 2d 514, 528, 424 N.W.2d 691, 697 (1988). How-

ever, a person may be held in contempt, if that failure is willful and contemptuous and not the result of an inability to pay. *See id.* Thus, the principal factual findings that a court must make are that: (1) the person is able to pay, and (2) the refusal to pay is willful and with intent to avoid payment. *See Krieman v. Goldberg*, 214 Wis. 2d 163, 169, 571 N.W.2d 425, 428 (Ct. App. 1997), *review denied*, 216 Wis. 2d 613, 579 N.W.2d 45 (1998).

██ The circuit court found that the arrears in child support and maintenance for its orders were as reflected in the clerk of court's records. That calculation of child support was based in part on $185 per week or twenty-five percent of James's annual gross income, whichever was greater. The circuit court also found that James had $6,800 withheld for 1997 income taxes, when his true tax liability was only $2,400. He chose to apply $2,200 of his over-payment to the taxes owed by his present spouse. The other $2,200 he applied to his 1998 taxes. Therefore, he had the opportunity to receive $4,400 of income in 1997 that he applied elsewhere. Those factual findings are not clearly erroneous, nor is the finding that James had the ability to pay what was ordered but failed to do so because he set aside $4,400 of income as an advance payment of taxes and to assist his current wife in the payments of taxes she owed on income she earned. Furthermore, his decision to have his employer over-withhold was deliberate and willful. And finally, James filed his 1997 tax returns in April, just prior to the hearing. By the filing of those returns, he willfully placed $4,400 with a third party, which placement amply supports the circuit court's decision to hold him in contempt of court for failing to comply with the court's previous orders.

**Purge Condition.**

A court may impose remedial sanctions for contempt of court. *See* § 785.02, STATS. The sanction imposed must be purgeable through compliance with the original court order which was violated. *See State v. King*, 82 Wis. 2d 124, 130, 262 N.W.2d 80, 82–83 (1978). The court also has the authority to establish alternate conditions, which if met, will purge the contempt. *See Larson v. Larson*, 159 Wis. 2d 672, 676, 465 N.W.2d 225, 227 (Ct. App. 1990). If payment of money is a condition required for the purge, a court may impose the payment that is sufficient to compensate for the loss suffered by another due to failure to comply with the court's order. *See* § 785.04(1)(a), STATS. However, the purge conditions must be "feasible *and* must be reasonably related to the cause or nature of the contempt." *State ex rel. V.J.H. v. C.A.B.*, 163 Wis. 2d 833, 845, 472 N.W.2d 839, 844 (Ct. App. 1991).

Here, the circuit court's purge order required James to pay the arrears as established by the clerk of court's records to the date of the hearing, April 30, 1998, within ninety days of the court's order of June 24, 1998.[2] The court did not make specific findings that James had the ability to pay the $4,116.66 which would be required, within that time frame. Because this is a

---

[2] The record does not reflect that James moved the circuit court for a stay of its orders, so this issue may now be moot. James did move this court for a stay pending appeal, but he was advised on October 15, 1998 that we could not address the merits of his motion because he had not provided us with a transcript of the April 30, 1998 hearing. We held the motion in abeyance and ordered the respondent to file any reply five days after the transcript was filed, which occurred on October 27, 1998. No further action was taken on James's motion.

discretionary determination by the circuit court, we may, but are not required to, search the record for facts sufficient for the exercise of that discretion. *See Schmid v. Olsen*, 111 Wis. 2d 228, 237, 330 N.W.2d 547, 552 (1983).

The circuit court found that James had over-withheld $4,400 for 1997 taxes. This over-withholding was a cause of his failure to meet the conditions of the court's orders. However, because those funds were given to the Internal Revenue Service, they were no longer available to James. On the other hand, James's 1997 tax returns showed gross income for him and his current wife of $104,721. Of that amount, $39,594.98 was attributable to James. James's financial statement showed he had the ability to borrow from his current wife, as he had done so in the past. The court also found that James was not consistently working a forty-hour week. Therefore, the court could have reasoned that James could either borrow the money needed to purge his contempt, or obtain additional hours of work, either through his current employer or in employment elsewhere. Given the record before us, we cannot say the circuit court erroneously exercised its discretion. Additionally, if James had not purged his contempt at the end of ninety days, and an order was issued directing his commitment to the county jail, James would have had the right to a hearing at that time to show that he could not meet the conditions set in the purge order. *See V.J.H.*, 163 Wis. 2d at 844, 472 N.W.2d at 843.

## Conditional Reduction of Maintenance.

James argues that it was error for the circuit court to reduce maintenance only after he became current on the arrears because his substantial change in circum-

stances warranted a reduction in maintenance and demonstrated that he had an inability to pay. James is incorrect in regard to a determination of ability to pay. The court did not conclude that James was without the ability to pay $200 per week in maintenance, only that it was no longer equitable that he do so, given the substantial change in circumstances that had occurred.

■

However, divorce is a statutory proceeding wherein the provisions a circuit court may order in matters relating to divorce are framed by the legislature. *See Groh v. Groh*, 110 Wis. 2d 117, 124, 327 N.W.2d 655, 658 (1983). Once the circuit court made the determination that a reduction in support was warranted, it cited no authority that permitted it to condition that reduction on James's payment of the $4,116.66, which was due on April 30th. No statutory authority was cited by Terry, and we could find none. Therefore, we conclude that the circuit court erred in conditioning the reduction in maintenance on James's payment of the arrears.

**Retroactive Application.**

■

James argues that any reduction in maintenance should have been applied retroactively to the date his motion for modification was filed. Section 767.32(1m), STATS., permits a reduction to the date the motion was filed, but it does not require it.[3] The reduction in main-

---

[3] Section 767.32(1m), STATS., states in relevant part:

In an action under sub. (1) to revise a judgment or order with respect to child support [or] maintenance payments . . . the court may not revise the amount of child support [or] maintenance pay-

tenance ordered was a discretionary determination. As such, the circuit court was not required to effect the reduction in maintenance to the date James filed his motion. And because the court's June 23rd order required him to pay all arrears through the April 30th hearing, it clearly chose not to do so. The court found that James did have the ability to pay that outstanding maintenance, but that he did not do so because he over-withheld for his income taxes. We see no erroneous exercise of the circuit court's discretion in not rewarding James for his willful disobedience of the court's orders and in determining that the reduction it ordered not be effective to the date James filed his motion. However, because we conclude that the court exceeded its authority when it conditioned the reduction on payment of those arrears, on remand, the circuit court is to exercise its discretion and set the date at which the reduction should be deemed to have occurred. That date should be no earlier than May 1, 1998, the day after the hearing, and no later than June 24, 1998, the date on which the court rendered its decision that a reduction was warranted.

**Costs and Attorney Fees.**

Finally, James argues that the circuit court erred by ordering him to pay Terry's attorney fees and costs. James argues that the circuit court did not make proper findings of his ability to pay or Terry's need for reimbursement. James, however, confuses the award of attorney fees at the time of divorce with the circuit court's powers in a remedial contempt proceeding.

---

ments . . . prior to the date that notice of the action is given to the respondent, except to correct previous errors in calculations.

While findings of one spouse's need and the other spouse's ability to pay are generally necessary to an award of attorney fees in a divorce proceeding, *see Kastelic v. Kastelic*, 119 Wis. 2d 280, 290, 350 N.W.2d 714, 719 (Ct. App. 1984), a different standard applies in contempt proceedings. There, a circuit court is permitted to impose the payment of money sufficient to compensate a party for the loss suffered as a result of the contempt of court, as a sanction. *See* § 785.04(1)(a), STATS. The attorney fees incurred in pursuing a contempt of court action are recoverable under § 785.04(1)(a). *See Town of Seymour v. City of Eau Claire*, 112 Wis. 2d 313, 320, 332 N.W.2d 821, 824 (Ct. App. 1983). Therefore, there is no requirement that the circuit court make findings in regard to need and ability to pay before exercising its remedial contempt powers.

## CONCLUSION

We conclude that: (1) the circuit court did not erroneously exercise its discretion in not reducing James's maintenance obligation by more than $100 per week, (2) there was ample evidence in the record to support the circuit court's finding of contempt, (3) the circuit court did not erroneously exercise its discretion in establishing the purge conditions, (4) James's argument that the reduction should have been retroactively applied to the date of his motion is without merit, (5) the circuit court erred in ordering James to become current on the arrears before the reduction in maintenance would be applied, and (6) the court's imposition of costs and reasonable attorney fees was not error. Accordingly, we affirm in part; reverse in part and

315

remand for the circuit court to set a date on which the reduction in maintenance is deemed to have occurred.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.