# COURT OF APPEALS
## DECISION
## DATED AND FILED

## September 29, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2424**

**STATE OF WISCONSIN**

Cir. Ct. No. 2012FA5081

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE FINDING OF CONTEMPT IN

IN RE THE PATERNITY OF S.L.V.K.:

TED B. VALLEJOS,

RESPONDENT,

V.

GARY KRAMSCHUSTER AND SANDRA KRAMSCHUSTER,

APPELLANTS.

APPEAL from an order of the circuit court for Milwaukee County: CAROLINA STARK, Judge. *Affirmed.*

¶1    DUGAN, J.[1]  Gary and Sandra Kramschuster appeal the order of the Milwaukee County Circuit Court finding that Ted Vallejos purged an order of contempt by making efforts to have his child psychologically evaluated.  This court concludes that the circuit court properly found Vallejos was no longer in contempt of court and affirms the circuit court's order.

## BACKGROUND

¶2    The Kramschusters are the maternal grandparents of the child of Ted Vallejos and Stephanie Prsytarski, and they were given visitation rights starting with a circuit court order from December 18, 2013.  As part of the December 18, 2013 order, the child was required to undergo a psychological evaluation.

¶3    Following a series of hearings addressing this and the multiple other matters that arose over the custody and placement of the child, the circuit court issued another order on November 14, 2014, which provided the Kramschusters with supervised visitation.  As part of this order, Vallejos was required to have the child psychologically evaluated "to assess the impact of the separation from mother and maternal grandparents and follow any recommendations made" as a result of that evaluation.  A subsequent decision by a court commissioner instructed Vallejos to complete the evaluation by July 21, 2015.

¶4    On August 1, 2018, the Kramschusters filed a motion to enforce the order for grandparent visitation from November 14, 2014, and, as is relevant here, argued that Vallejos should be found in contempt for failing to have the child evaluated.  Following a hearing on the matter, the circuit court found Vallejos in contempt and required Vallejos to have the evaluation conducted by June 15, 2019,

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2017-18).

with proof of the evaluation filed by July 1, 2019. The circuit court's order stated that, should Vallejos be unable to complete the evaluation, he must log his efforts to do so, or face a forfeiture. The circuit court set a review hearing for July 10, 2019. After the July 10 review hearing, the circuit court imposed a forfeiture for Vallejos's failure to complete the evaluation, or log his efforts taken, and set another review hearing for November 5, 2019.

¶5      On October 17, 2019, Vallejos filed a list of forty-two therapists he had contacted and their responses to his request for an evaluation. As indicated on the list and confirmed at the November 5 review hearing, many of the therapists either did not respond or declined to conduct the evaluation. Based on the list of therapists and testimony provided by Vallejos regarding his efforts to find a therapist willing to conduct the evaluation, the circuit court found that Vallejos had purged the contempt and issued an order to that effect on November 19, 2019:

> The respondent satisfied the contempt purge conditions, and as a result, the Motion to Enforce Grandparent Visitation filed on August 1, 2018, has come to a final resolution. The issue regarding the respondent's failure to have the child evaluated by a child psychologist (as required by paragraph 5 of the court orders issued on November 14, 2014) has been litigated to a final order and shall not be litigated again.

¶6      The Kramschusters appealed the circuit court's order finding that Vallejos purged the contempt.

## DISCUSSION

¶7      On appeal, the Kramschusters first argue that the circuit court erred by allowing Vallejos to appear by phone because they did not stipulate to such an appearance and even objected to it. In support of their position, they point to WIS. STAT. § 807.13(2), which allows a party to appear by phone at an evidentiary

3

hearing under certain circumstances. The Kramschusters additionally argue that the circuit court erred because its finding is supported by hearsay given that Vallejos did not appear in person and the list of therapists was not submitted during the hearing as an exhibit. The Kramschusters lack legal authority to support these arguments and have not properly developed them. This court "cannot serve as both advocate and judge" and declines to address these arguments any further as they are unsupported and undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶8 The Kramschusters next argue that the circuit court erred (1) because its finding improperly modified the November 14, 2014 order without a motion by a party filed pursuant to WIS. STAT. § 767.451 and (2) because the circuit court should have imposed a sanction vacating the November 14, 2014 order as a purge condition. This court reviews the circuit court's exercise of its contempt power for an erroneous exercise of discretion. *Benn v. Benn*, 230 Wis. 2d 301, 308, 602 N.W.2d 65 (Ct. App. 1999). The purpose of a purge condition is to bring a party into compliance with a court order. *See Frisch v. Henrichs*, 2007 WI 102, ¶35, 304 Wis. 2d 1, 736 N.W.2d 85.

¶9 As the circuit court recognized in its ruling purging the contempt, the November 14, 2014 order is still very much in tact and Vallejos must continue his efforts to complete the evaluation. In other words, the purge condition set by the circuit court was intended to bring Vallejos into compliance with the order by either completing the evaluation or taking steps to complete it. The purge condition was not intended to modify the order to have the evaluation done. The circuit court considered that Vallejos had contacted forty-two therapists, applied the law that a purge condition is intended to bring a party into compliance with a court order, and reached a conclusion that a reasonable judge could reach in finding that Vallejos

4

purged the contempt. The circuit court also applied the proper legal standard in denying the Kramschusters' request to modify the November 14, 2014 order through a purge condition. This court, therefore, concludes that the circuit court did not erroneously exercise its discretion in finding that Vallejos purged the contempt, and there was no improper modification of the November 14, 2014 order.

## CONCLUSION

¶10    This court concludes that the circuit court did not err in finding that Vallejos purged the contempt. Accordingly, the circuit court's order is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)(5).