COURT OF APPEALS
DECISION
DATED AND FILED

October 27, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2146**

**STATE OF WISCONSIN**

Cir. Ct. No. **2012FA5081**

**IN COURT OF APPEALS
DISTRICT I**

IN RE THE FINDING OF CONTEMPT IN

IN RE THE PATERNITY OF S.L.V.K.:

TED B. VALLEJOS,

RESPONDENT,

V.

GARY KRAMSCHUSTER AND SANDRA KRAMSCHUSTER,

APPELLANTS.

APPEAL from orders of the circuit court for Milwaukee County: CAROLINA STARK, Judge. *Affirmed*.

¶1     DUGAN, J.[1]   Gary and Sandra Kramschuster appeal the orders of the Milwaukee County Circuit Court denying their motion for reconsideration and their motion for clarification of the circuit court's order imposing sanctions and purge conditions following proceedings for contempt of court.  In their appeal, the Kramschusters argue that the circuit court erred in denying their motions because the order they sought to have reconsidered, and then to have clarified, improperly modified their order for visitation with their granddaughter and improperly denied the sanction requested by the Kramschusters.  This court concludes that the circuit court properly denied both of the Kramschusters' motions and affirms the circuit court's orders.

## BACKGROUND

¶2     As this court previously described in *Vallejos v. Kramschuster*, No. 2019AP2424, unpublished slip op. (Sept. 29, 2020), the Kramschusters are the maternal grandparents of the child of Ted Vallejos and Stephanie Prsytarski, and they were given supervised visitation rights pursuant to a November 14, 2014 order. As part of this order, Vallejos was required to have the child psychologically evaluated "to assess the impact of the separation from mother and maternal grandparents and follow any recommendations made" as a result of that evaluation.

¶3     On August 1, 2018, the Kramschusters filed a motion to enforce their visitation rights and argued, as is relevant here, that Vallejos should be found in contempt for failing to have the child psychologically evaluated.  Vallejos was found in contempt for failing to have the evaluation completed and required to have

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2017-18).

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

the evaluation completed by June 15, 2019, with proof of the evaluation filed by July 1, 2019. The circuit court's order stated that, should Vallejos be unable to complete the evaluation by that time, he must log his efforts to do so, or face a forfeiture. The circuit court then set a review hearing for July 10, 2019.

¶4    At the review hearing, the circuit court found that Vallejos remained in contempt for failing to complete the evaluation and issued an order dated August 16, 2019, imposing a sanction consisting of a $935 forfeiture for the period of contempt starting with the circuit court's contempt finding on April 16, 2019, to the date of the review hearing on July 10, 2019. The circuit court also set the purge condition that Vallejos have the child psychologically evaluated, or log his efforts to do so. The circuit court set another date for a review hearing on November 5, 2019.

¶5    The Kramschusters moved the circuit court to reconsider this order and, after the circuit court denied the motion for reconsideration, moved to have the order clarified. The circuit court denied the motion for clarification, and the Kramschusters appealed the circuit court's orders denying their motion for reconsideration and their motion for clarification.

## DISCUSSION

¶6    The Kramschusters argue that the circuit court erred when it denied their motion for reconsideration and their motion for clarification because the August 16, 2019 order improperly modified the November 14, 2014 order without a motion by a party filed pursuant to WIS. STAT. § 767.451, and because the circuit court should have granted their daughter's placement request from September 13,

3

2012,[2] as a sanction and purge condition for Vallejos's failure to have the child psychologically evaluated.

¶7    As this court recognized in its previous decision addressing the Kramschusters' argument that the circuit court improperly modified the November 14, 2014 order, the order is still very much in tact following these contempt proceedings, and there was no improper modification of the November 14, 2014 order by the circuit court. The circuit court has discretion to set purge conditions to bring a party into compliance with a court order. *See **Benn v. Benn***, 230 Wis. 2d 301, 312, 602 N.W.2d 65 (Ct. App. 1999) (reviewing a circuit court's purge conditions for an erroneous exercise of discretion). This court, therefore, again concludes that the circuit court did not improperly modify the November 14, 2014 order with the purge condition that it set.

¶8    The Kramschusters raise the additional argument in this appeal that the circuit court's purge conditions were improper because they were not allowed by WIS. STAT. § 767.43(5). This court reviews a question of statutory interpretation *de novo*. ***Frisch v. Henrichs***, 2007 WI 102, ¶29, 304 Wis. 2d 1, 736 N.W.2d 85. Section 767.43(5) limits the sanctions that a court can impose in a contempt proceeding to enforce grandparent visitation rights to those listed in WIS. STAT. § 785.04(1)(a) or (c). The two sanctions listed in § 785.04(1)(a) and (c) are "[p]ayment of a sum of money sufficient to compensate a party for a loss or injury suffered by the party as the result of a contempt of court" and "[a] forfeiture not to exceed $2,000 for each day the contempt of court continues."

---

[2] On September 13, 2012, the Kramschusters' daughter moved to modify legal custody and placement of the child and requested that the circuit court grant her sole legal custody and primary placement. She further requested that Vallejos be allowed placement upon mutual agreement and under the supervision of one of her male family members.

¶9      Contrary to the Kramschusters argument, though, a purge condition and a sanction are not necessarily one in the same, and a purge condition is more often a condition by which a party can avoid the imposition of a sanction for a continuing contempt. *See Frisch*, 304 Wis. 2d 1, ¶63 ("We acknowledge that in most circumstances, '[t]he purge condition contrasts with the sanction because it is a means for the contemnor to avoid the sanction by atoning for his or her past failure to obey the court's order.'" (citation omitted)); *Benn*, 230 Wis. 2d at 309 ("[T]he sanction must be purgeable through compliance with the order from which the contempt arose.").

¶10     This court considers this to be the case here where the circuit court imposed a forfeiture under WIS. STAT. § 785.04(1)(c) as a sanction and allowed Vallejos to purge continued imposition of the sanction by either having the child evaluated or making progress towards completing the evaluation. In other words, if Vallejos had the evaluation completed or was taking steps to have it completed that action would bring him into sufficient compliance with the November 14, 2014 order such that he would purge the contempt finding and he would no longer be in contempt. This court concludes that the circuit court properly exercised its discretion in imposing the sanction within the scope of WIS. STAT. § 767.43(5) and setting the purge conditions.

¶11     Last, as the Kramschusters also raised in their prior appeal, the Kramschusters argue that the circuit court should have granted their daughter's custody and placement request filed on September 13, 2012, as a sanction for Vallejos's failure to have the child psychologically evaluated. Such a request is internally inconsistent and directly contradicts the Kramschusters' other arguments because such a request specifically asks that the circuit court improperly modify the current placement order without a motion by a party under WIS. STAT. § 767.451.

5

Moreover, the Kramschusters fail to cite any authority for the imposition of a sanction other than those specified by WIS. STAT. § 785.04(1)(a) and (c). This court, therefore, declines to address the Kramschusters' argument on this topic any further as it is not properly developed or supported by legal authority. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

## CONCLUSION

¶12     This court concludes that the circuit court did not improperly modify a placement order and properly exercised its discretion in setting the purge conditions. Accordingly, the circuit court's orders are affirmed.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.