COURT OF APPEALS
DECISION
DATED AND FILED

April 3, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP565-FT**

Cir. Ct. No. 2021FA56

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

SHERRY DEWEESE,

　PETITIONER-RESPONDENT-CROSS-APPELLANT,

V.

TIMOTHY W. MCLIN,

　RESPONDENT-APPELLANT-CROSS-RESPONDENT.

　　　　　APPEAL and CROSS-APPEAL from an order of the circuit court for Manitowoc County: MARK R. ROHRER, Judge. *Affirmed in part; reversed in part and cause remanded with directions*.

　　　　　Before Gundrum, P.J., Grogan and Lazar, JJ.

　　　　　**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In this postdivorce action, Timothy W. McLin appeals from a circuit court order finding him in contempt for disregarding a court order and requiring him to pay his former spouse, Sherry DeWeese, half of his military retirement benefits. DeWeese cross-appeals, challenging the amount the court ordered McLin to pay to DeWeese and an earlier court order ruling that McLin was not in contempt for failure to make payments to DeWeese. At the heart of this dispute is whether the court erred by treating as divisible property the military retirement benefits McLin waived to receive military and VA disability pay. We conclude that the court so erred. As explained below, we affirm in part, reverse in part, and remand to the circuit court for further proceedings consistent with this opinion.

## BACKGROUND

¶2 The parties do not dispute the following pertinent facts.

¶3 McLin and DeWeese were married in Wisconsin in 1997 and divorced in North Carolina in 2011. The divorce decree incorporated the parties' separation agreement and military pension division order by reference. The separation agreement stated that DeWeese was entitled fifty percent of the marital portion of McLin's military retirement benefits. The separation agreement went on to say: "The parties further agree that to the extent that [McLin's] military retirement benefits shall be reduced by the payment of VA disability benefits, that he shall continue to pay [fifty percent] of the marital retirement benefit as originally calculated."

¶4 Both the original pension order and a later amended order provided that "[e]ffective upon [McLin's] retirement from the U.S. Army, as a division of marital property, [McLin] shall pay [DeWeese fifty percent] of the marital share of

his disposable retired pay each month." Both orders also stated that McLin shall pay DeWeese fifty percent "of each monthly military pension payment that he receives until such time as [DeWeese] begins to receive her payments directly from DFAS [Defense Finance and Accounting Services] on or before the fifth day of each month." The North Carolina family court also ordered McLin to make monthly child support and maintenance payments to DeWeese.

¶5 McLin was on active duty with the military when the parties divorced. In 2014, he was honorably discharged from the military due to permanent physical disability from a service-related injury. Due to his permanent physical disability, McLin began receiving disability benefits upon his separation from the military in lieu of military retirement pay. When DeWeese attempted to receive payments directly from DFAS, she was informed by a letter that the Uniformed Services Former Spouses Protection Act (USFSPA) entitles a former spouse to only a portion of the service member's disposable retirement pay. The letter explained that "[t]he reason [DeWeese] cannot receive a portion of [McLin's] pay is because the entire amount of [McLin's] retired/retainer pay is based on disability, thus there is no disposable pay available for payment under the USFSPA."

¶6 After unsuccessfully seeking payment through DFAS and receiving no retirement payments directly from McLin, DeWeese brought a contempt motion against McLin in North Carolina. When McLin failed to appear in court on that motion, an arrest warrant was issued. After learning that McLin had moved to Wisconsin, DeWeese filed another contempt motion against him—this time in Manitowoc County, Wisconsin. DeWeese argued that McLin was in contempt of the pension division order because he failed to pay DeWeese any portion of his military retirement pay. McLin filed a motion to dismiss in which he argued he was not in contempt because he did not retire from the military but was discharged due

to disability, and therefore he received no military retirement pay. McLin noted that in lieu of retirement pay he received military and VA disability benefits, which are not divisible in a property settlement.

¶7 After several hearings related to the various motions, the circuit court concluded that McLin was not in contempt for his failure to make payments to DeWeese from his military disability benefits as specified by the parties' agreement at the time of divorce. However, the court ordered McLin to pay DeWeese $913.73 per month going forward based on a calculation of what McLin would have received had he retired from the military. The payments were ordered to begin on November 1, 2022.

¶8 The circuit court set a hearing for March 2023 to determine the amount, if any, McLin owed in arrearages. Prior to the hearing, DeWeese filed another contempt motion because McLin had not yet made any of the recently-court-ordered monthly payments to DeWeese. At that hearing, the court found that McLin was in contempt for failing to abide by its order to make monthly payments to DeWeese. The court sentenced McLin to thirty days in jail for the contempt, but stayed the sentence and set purge conditions requiring McLin to start making the monthly payments and to pay arrearages of $450 per month until such time as the court-determined arrearage amount of $48,639.69 was paid. The court denied McLin's motion for reconsideration.

¶9 McLin appeals, arguing that DeWeese is not entitled to any portion of his military benefits because they do not qualify as "disposable retired pay" as defined by law. DeWeese cross-appeals, arguing that the circuit court erroneously exercised its discretion in denying her motion for contempt based on McLin's

failure to make payments to DeWeese beginning in 2014 when he was discharged from the military.

## DISCUSSION

¶10    McLin's main argument on appeal is that the USFSPA preempted the circuit court from treating as divisible property the military retirement benefits he waived to receive military and VA disability pay regardless of the terms of the parties' agreement. "Resolving this question requires us to interpret the language of both the statute and the parties' agreement, matters which we review de novo." *Schwab v. Schwab*, 2021 WI 67, ¶7, 397 Wis. 2d 820, 961 N.W.2d 56. The doctrine of preemption stems from the Supremacy Clause of the United States Constitution and operates to prevent state law from conflicting with federal law. *Miezin v. Midwest Express Airlines, Inc.*, 2005 WI App 120, ¶9, 284 Wis. 2d 428, 701 N.W.2d 626.

¶11    Federal law rarely displaces state law concerning spousal property division upon divorce, but under some narrow circumstances, the application of state family law cuts into substantial federal interests and must yield. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581-83 (1979). Military retirement pay is one example. Pursuant to the USFSPA, Congress authorizes state courts to treat "disposable retired pay" as divisible property. *See* 10 U.S.C. § 1408(c)(1). However, retirement pay waived to receive disability payments is specifically excluded from the definition of "disposable retired pay" under 10 U.S.C. § 1408(a)(4)(B). *See Howell v. Howell*, 581 U.S. 214, 217 (2017); *Mansell v. Mansell*, 490 U.S. 581, 589 (1989). Thus, if a veteran's retired pay consists of disability retirement, it is not disposable retired pay under the USFSPA, and thus is not subject to division as marital property regardless of any agreement to the

contrary. *See* 10 U.S.C. § 1408(a)(4)(A)(iii); *see also Howell*, 581 U.S. 214, 218-19.

¶12    Similar to the facts here, *Howell* involved a dissolution decree that awarded fifty percent of an active-duty veteran's future military retirement pay to his former spouse. *Id.* at 218-19. After the divorce, the veteran waived a portion of his retirement pay in favor of disability benefits, resulting in a reduction of his former spouse's award. *Id.* The former spouse sought to enforce the original divorce decree to restore the amount of her share of the veteran's retirement pay. *Id.* at 219. The trial court concluded that the decree created a "vested" interest in the veteran's retirement pay. *Id.* The state supreme court affirmed and determined that the former spouse was entitled to reimbursement and that federal law did not preempt the court's reimbursement order. *Id.* at 219-20.

¶13    The United States Supreme Court disagreed. It held that a state court may not order a veteran to reimburse or indemnify a former spouse for the "portion of retirement pay lost due to the postdivorce waiver." *Id.* at 222. The Court rejected the argument that the former spouse had a vested interest in the benefits, noting that state courts "cannot 'vest' that which (under governing federal law) they lack the authority to give." *Id.* at 221. Significantly, the Court was unpersuaded by the various equitable compensation theories crafted to reimburse former spouses, concluding that "[r]egardless of their form," such orders "displace the federal rule and stand as an obstacle to the accomplishment and execution of the purposes and objectives of Congress." *Id.* at 222.

¶14    The *Howell* takeaway is clear. Military retirement disability benefits may not be divided as marital property, and orders crafted under a state court's equitable authority to account for the portion of retirement pay lost due to a veteran's

6

post-decree election of disability benefits are preempted. *See id.* at 216. We see nothing in *Howell* that exempts statutory military or VA disability retirement benefits from federal preemption.

¶15 Because federal law precludes state courts from dividing military disability benefits as marital property, we conclude the circuit court erred in ordering McLin to give DeWeese a share of his indivisible military disability pay. Thus, we reverse the court's order requiring McLin to make both back payments and future payments to DeWeese from his military and VA disability benefits. As explained by the Supreme Court, although this federal preemption may cause "hardship" for some affected spouses, "a family court ... remains free to take account of the contingency that some military retirement pay might [later] be waived … when it calculates or recalculates the need for spousal support." *Id.* at 222.

¶16 We further conclude that the circuit court did not erroneously exercise its discretion in failing to find McLin in contempt initially, or in later finding McLin in contempt for failing to abide by the court's payment order. A court may hold a person in contempt "if he or she has the ability, but refuses, to comply with a circuit court order." *Benn v. Benn*, 230 Wis. 2d 301, 309, 602 N.W.2d 65 (Ct. App. 1999). We review the circuit court's use of its contempt power for an erroneous exercise of discretion. *State ex rel. N.A. v. G.S.*, 156 Wis. 2d 338, 341, 456 N.W.2d 867 (Ct. App. 1990).

¶17 McLin clearly violated the circuit court's order in failing to make payments to DeWeese and, though we ultimately conclude that the military disability payments at issue are not divisible marital property, the proper approach would have been for McLin to make the court-ordered payments and seek relief pending appeal. One cannot ignore a court order simply because they believe it is

based on a faulty legal premise. That said, however, in light of our holding that the disability pay is not divisible, the purge conditions set by the court for McLin's contempt are not lawful because they require McLin to make payments to DeWeese that are not permitted under the USFSPA. We therefore remand to the circuit court to set purge conditions for McLin that are consistent with the law. Moreover, given our conclusions here, on remand the court may order DeWeese to repay to McLin any amounts paid from the indivisible military disability pay.

## CONCLUSION

¶18     In sum, we conclude that the circuit court erred in concluding that DeWeese was entitled to any portion of McLin's military and VA disability benefits because the USFSPA specifically excludes such benefits from its definition of "disposable retired pay." As such, the order directing that he pay DeWeese a portion of these benefits is reversed, as is the order directing him to pay arrearages to DeWeese. We further conclude that the court did not erroneously exercise its discretion in either of its contempt findings, although the purge conditions set for McLin by the court must be altered in light of the conclusions reached by this court. Finally, we do not award costs to either party.

        *By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).