**COURT OF APPEALS
DECISION
DATED AND FILED**

**December 10, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1614**

STATE OF WISCONSIN

Cir. Ct. No. 2022FA842

IN COURT OF APPEALS
DISTRICT II

IN RE THE MARRIAGE OF:

TIMOTHY DAVID REEVES,

PETITIONER-RESPONDENT,

V.

MOONDETTE MOSCOSO REEVES,

RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Kenosha County: JODI L. MEIER, Judge. *Affirmed*.

¶1     NEUBAUER, P.J.[1]  Moondette Moscoso Reeves, pro se, appeals from an order of the circuit court that vacated a stay of a 120-day jail sentence it had imposed as a remedial sanction after it found her in contempt for failing to pay certain amounts to her former husband Timothy Reeves, as required under a judgment of divorce.  Moondette[2] also appeals from a commitment order directing the Kenosha County Sheriff to bring her to the Kenosha County jail to serve the 120-day sentence.  Moondette raises several challenges to the orders, including that they violate her due process rights.  For the reasons that follow, this court concludes that her arguments lack merit and affirms the orders.

## BACKGROUND[3]

¶2     Moondette and Timothy were divorced on November 29, 2023, after four years of marriage.  In the divorce judgment, the circuit court ordered Moondette to pay Timothy a total of $24,209.54, which included reimbursements and attorney's fees related to earlier contempt findings as well as an equalization payment, by January 3, 2024.[4]  On January 31, 2024, Timothy sought an order to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] We refer to the parties by their first names because they share the same surname.

[3] Neither Moondette nor Timothy included references to the record in their briefs as they were required to do under Wisconsin's rules of appellate procedure.  *See* WIS. STAT. RULE 809.19(1)(d)-(e), (3)(a)2.  Though both are proceeding pro se in this appeal, that does not give them "license not to comply with relevant rules of procedural and substantive law." *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) (citation omitted).

[4] In June 2024, this court dismissed Moondette's appeal of the divorce judgment for lack of jurisdiction because she did not timely file her notice of appeal.  *See Reeves v. Reeves*, No. 2024AP623, unpublished op. and order (WI App June 20, 2024).

show cause why Moondette should not be found in contempt for failing to make these payments.

¶3    At a hearing on March 21, 2024, Moondette argued her failure to pay was not contemptuous because it was not willful, and asserted she did not have the financial means to comply with the order. During direct examination, she testified she earned $30 per hour at her full-time job, in addition to some overtime. On cross-examination, she disclosed she also had a second job working for approximately 12 hours per week at a rate of $28 per hour. She testified her monthly income exceeded her expenses, which included $1,000 for credit cards, $1,223 for her daughter's private school tuition, and $876 for her daughter's car payment. Notwithstanding these expenses, Moondette conceded that she could afford to pay up to $500 per month on the court-ordered payment.

¶4    The circuit court did not find Moondette's testimony credible. The court concluded Moondette was "telling [the court] whatever is convenient[]" and noted contradictions in her testimony regarding income, her "unreal" decision to spend nearly $900 a month on her 18-year-old daughter's car payment instead of paying her court-ordered obligations, and her admission she could afford to pay up to $500 per month but had paid nothing. The court concluded Moondette "willfully and intentionally violated the court orders." In an order following the hearing entered on April 19, 2024, the court held her in contempt and imposed a remedial sanction of 120 days in jail, but stayed the sanction and allowed Moondette to purge the contemptuous conduct by making monthly payments to Timothy of $900 to pay down her court-ordered obligations.

¶5    On May 10, 2024, Timothy filed a request for a purge review hearing, alleging that Moondette had "failed to make full payment" of her

court-ordered obligations and had violated another purge condition prohibiting her from "disseminati[ng] or [making] disparaging remarks on social media or to any third party about [Timothy], attorneys, or past and present employees of the court." The circuit court set a hearing for June 4. Moondette requested an adjournment of that hearing, which the court denied.

¶6 Moondette did not appear at the June 4 hearing, and the circuit court was unable to reach her by telephone. The court ultimately found Moondette's absence from the hearing and failure to make the court-ordered payments to Timothy were "willful" and entered a commitment order lifting the stay, and requiring her to pay $3,600 by noon on June 7 or report to jail to serve the 120-day contempt sanction. Moondette paid that sum, and the court stayed its June 4 commitment order, ordered her immediately released from the Kenosha County Jail, and ordered her to comply with court orders until her financial obligations were fully satisfied.[5]

¶7 In October 2024, Timothy asked the circuit court to lift the stay of the June 4 commitment order or to hold another purge review hearing because of Moondette's failure to make the required $900 payments in September or October and additional disparaging comments she had posted on social media. On October 29, the court held a purge review hearing and again found Moondette to be noncompliant with making her court-ordered payments. The court ordered

---

[5] Moondette appealed the circuit court's orders finding her in contempt for nonpayment, setting the purge condition prohibiting her from making disparaging statements, and denying her request for adjournment of the June 4 purge review hearing. This court reversed the March 21 contempt order insofar as it imposed the non-disparagement condition but otherwise affirmed the court's orders. *Reeves v. Reeves*, No. 2024AP1399, unpublished slip op. (WI App Apr. 30, 2025).

Moondette to pay Timothy $2,600 by the end of the week or the stay of her commitment sentence would be lifted. Moondette timely paid the required amount.[6]

¶8     According to the circuit court docket entries for this case, the court held another purge review hearing on March 27, 2025, at which it found Moondette to be noncompliant with payments and ordered the stay lifted unless she paid $1,520 by March 31, 2025. Finally, at a purge review hearing held on July 11, 2025, the court found Moondette remained willfully noncompliant with her monthly payments and entered orders lifting the stay and directing the Kenosha County Sheriff to apprehend and confine her for her 120 days at the Kenosha County jail. The court set the purge amount at $6,000, and Moondette was placed into custody.

¶9     Moondette now appeals the July 2025 orders of the circuit court lifting the stay of her 120-day custodial sanction and directing her confinement for 120 days in jail.

## STANDARD OF REVIEW

¶10     This court reviews a circuit court's use of its contempt power "to determine whether the court properly exercised its discretion." ***Benn v. Benn***, 230 Wis. 2d 301, 308, 602 N.W.2d 65 (Ct. App. 1999). In reviewing a discretionary decision, "we examine the record to determine if the circuit court logically

---

[6] In November 2024, Moondette filed a motion to reopen the divorce judgment, which the circuit court denied. Moondette filed multiple notices of appeal in January 2025 and March 2025 seeking review of the court's denial of that motion and several other prior orders and judgments in the case. Those notices have been included in a single appeal that is fully briefed and pending before this court. ***Reeves v. Reeves***, No. 2025AP174.

interpreted the facts, applied the proper legal standard, and used a demonstrated rational process to reach a conclusion that a reasonable judge could reach." ***Id.***

## DISCUSSION

¶11    First, Moondette argues the circuit court erroneously exercised its discretion when it found her in contempt and ordered purge conditions.  This argument appears to relate to the court's initial contempt order, which was entered in April 2024.  That order was the subject of a prior appeal in which this court affirmed the order except for the purge condition that prevented Moondette from making or disseminating disparaging remarks about Timothy and certain court personnel.  ***Reeves v. Reeves***, No. 2024AP1399, unpublished slip op., ¶¶13-19 (WI App Apr. 30, 2025).  The only orders that are subject to review in this appeal are the July 2025 orders lifting the stay on Moondette's contempt sentence and committing her to jail.  Thus, this court lacks jurisdiction to consider Moondette's arguments as to any other orders.

¶12    Next, Moondette argues the circuit court "violated [her] due process rights by ordering her arrest without notice, a written contempt order, or an opportunity to be heard[.]"  (Formatting altered.)  Specifically, she claims the court "abruptly ordered [her] arrest during [the July 11, 2025 purge review] hearing, without issuing a written contempt order, without prior notice that incarceration would be sought, and without affording her the opportunity to present evidence or argument."  She also argues the court erred by "disregarding [her] financial hardship, medical issues, and job loss before ordering incarceration[,]" and by "setting a $6,000 purge amount without informing Moondette in open court[.]"  (Formatting altered.)  Additionally, Moondette asserts the court erred when it found her in violation of her purge conditions

because she "made good faith efforts to comply with the purge order[.]" (Formatting altered.)

¶13 This court rejects Moondette's arguments, for several reasons. First, some of the issues raised by her arguments, such as whether the circuit court afforded her an opportunity to be heard at the July 11 hearing, whether the court disregarded the mitigating circumstances that she says affected her ability to pay, whether the court informed her of the $6,000 purge condition "in open court," and whether the court disregarded her "good faith" efforts to remain current on her monthly payments, require review of the hearing transcript. But there is no transcript in the appellate record of the July 11 hearing.[7] As the appellant, it was Moondette's "responsibility to present a complete record for the issues on which [she] seek[s] review." *See Manke v. Physicians Ins. Co. of Wis., Inc.*, 2006 WI App 50, ¶60, 289 Wis. 2d 750, 712 N.W.2d 40. This includes ensuring that any relevant transcripts are included in the record on appeal. *See id.* Absent the transcript, this court "assume[s] that any missing material that is necessary for our review supports the circuit court's determination." *Id.* Thus, this court assumes the circuit court made the appropriate findings at the July 11 hearing to support the orders lifting the stay and ordering Moondette confined.

¶14 Further, Moondette's assertions that the circuit court did not issue a written contempt order and did not provide "notice that incarceration would be sought" before her arrest at the purge review hearing are plainly contradicted by

---

[7] Moondette's first Statement on Transcript indicated arrangements had been made for the filing of the transcripts of the March 27, 2025 and July 11, 2025 hearings, but the Statement was defective because it lacked the required court reporter certification. Moondette later filed another Statement on Transcript, which was properly completed, but it indicated that a "transcript [was] not necessary for prosecution of this appeal."

the record. On April 19, 2024, the court entered a written order finding Moondette in contempt and ordering her to serve "one-hundred and twenty (120) days in Kenosha County Jail[.]" It ordered that sentence stayed so long as Moondette made monthly $900 payments of her court-ordered obligations. Moondette has known since that order that she faced incarceration if she did not make the monthly payments mandated in the order.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.